**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern_____ District of __Texas_____
                                    (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                02/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1.  **Debtor's name**

    Unit Corporation

2.  **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

    N/A

3.  **Debtor's federal Employer Identification Number (EIN)**

    7  3  –  1  2  8  3  1  9  3

4.  **Debtor's address**

    | Principal place of business | Mailing address, if different from principal place of business |
    |---|---|
    | 8200 South Unit Drive | |
    | Number   Street | Number   Street |
    | | |
    | | P.O. Box |
    | Tulsa        OK     74132 | |
    | City        State   ZIP Code | City        State   ZIP Code |
    | | **Location of principal assets, if different from principal place of business** |
    | Tulsa | |
    | County | Number   Street |
    | | |
    | | City        State   ZIP Code |

5.  **Debtor's website** (URL)

    http://www.unitcorp.com/

| Debtor | Unit Corporation | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

2   1   1   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                                              MM / DD / YYYY

            District _____   When _____   Case number _____
                                                              MM / DD / YYYY

Debtor  Unit Corporation
        _____     Case number (if known)_____
        Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See Rider 1 _____   Relationship   Affiliate _____

         District   Southern District of Texas ___   When   _____
                                                             MM / DD / YYYY
         Case number, if known   _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number        Street

                           _____

                           _____   _____
                           City                               State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name   _____

        Phone   _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| Debtor | Unit Corporation | Case number (if known) |
|---|---|---|
| | Name | |

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☑ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☑ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/22/2020
MM  / DD / YYYY

**✗** _s/ Mark E. Schell_
Signature of authorized representative of debtor

Mark E. Schell
Printed name

Title  Senior Vice President, Secretary, and General Counsel

**18. Signature of attorney**

**✗** _s/ Harry Perrin_
Signature of attorney for debtor

Date  05/22/2020
MM  / DD / YYYY

Harry Perrin
Printed name

Vinson & Elkins LLP
Firm name

1001 Fannin St
Number      Street

| Houston | TX | 77002 |
|---|---|---|
| City | State | ZIP Code |

(713) 758-2548
Contact phone

hperrin@velaw.com
Email address

| 15796800 | TX |
|---|---|
| Bar number | State |

Official Form 201A (12/15)

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 20-[____]** |
| | § | |
| **UNIT CORPORATION,** | § | **(Chapter 11)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtor.** | § | |

### ATTACHMENT TO VOLUNTARY PETITION FOR NON-INDIVIDUALS FILING FOR BANKRUPTCY UNDER CHAPTER 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __1-9260__ .

2. The following financial data is the latest available information and refers to the debtor's condition on __12/31/2019__ .

a. Total assets      $ 2,090,052,000.00

b. Total debts (including debts listed in 2.c., below)      $ 1,034,417,000.00

c. Debt securities held by more than 500 holders

                                                    Approximate number of holders:

| | | | |
|---|---|---|---|
| secured ☐ | unsecured ☒ | subordinated ☒ | $ 650,000,000.00    Unknown |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |

d. Number of shares of preferred stock      0

e. Number of shares common stock      54,625,240

Comments, if any: Total assets and total debts are based on Debtor Unit Corporation's Form 10-K filed March 16, 2020. The number of shares of common stock is as of the Petition Date.

3. Brief description of debtor's business: The debtor is a diversified publicly traded energy company engaged in the exploration, acquisition, development, and production of oil and natural gas properties.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Black Rock, Inc.; FMR LLC; The Vanguard Group; Dimensional Fund Advisors LP; Victory Capital Management Inc.

## **Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

| |
|---|
| 8200 Unit Drive, L.L.C. |
| Unit Corporation |
| Unit Drilling Colombia, L.L.C. |
| Unit Drilling Company |
| Unit Drilling USA Colombia, L.L.C. |
| Unit Petroleum Company |

| Fill in this information to identify the case: |
| :--- |
| Debtor Name:  Unit Corporation, *et al.* |
| United States Bankruptcy Court for the:  Southern District of Texas |
| Case number (if known):  _____ |

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders** 12/15

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| :-- | :-- | :-- | :-- | :-- | :-- | :-- | :-- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCIATION EMILIA GAZZUALA 50 SOUTH SIXTH STREET SUITE 1290 MINNEAPOLIS, MN 55402 | WILMINGTON TRUST, NATIONAL ASSOCIATION EMILIA GAZZUALA PHONE: 612-217-5624 FAX: 612-217-5651 EMAIL: EGAZZUOLO@WilmingtonTrust.com | Unsecured Notes | Unliquidated | | | $650,000,000 plus accrued and unpaid interest and fees |
| 2 | NORTHERN ENERGY SERVICES LLC MONICA TRACY 6531 HIGHWAY 40 TIOGA, ND 58852 | NORTHERN ENERGY SERVICES LLC MONICA TRACY PHONE: 701-664-4000 FAX: 701-664-4002 EMAIL: ofcmgr@nes-nd.com | Trade | | | | $1,089,769.64 |
| 3 | CRUZ ENERGY SERVICES LLC MEGAN DAVIS 10944 27 D STREET SW DICKINSON, ND 58601 | CRUZ ENERGY SERVICES LLC MEGAN DAVIS PHONE: 701-483-3016 FAX: 701-483-3018 EMAIL: megan.davis@cruzenergy.com | Trade | | | | $699,388.38 |
| 4 | CSI COMPRESSCO LP COLTEN JOHNSON 24955 I-45 NORTH THE WOODLANDS, TX 77380 | CSI COMPRESSCO LP COLTEN JOHNSON PHONE: 1-281-364-2244 FAX: 281-364-4346 EMAIL: CJohnson2@tetratec.com or AccountsReceivable@tetratec.com | Trade | | | | $353,006.19 |
| 5 | AVEDA TRANSPORTATION/LOGISTICS IMELDA TAGAMA 4319 SOUTH COUNTY ROAD 1270 MIDLAND, TX 79706 | AVEDA TRANSPORTATION/LOGISTICS IMELDA TAGAMA PHONE: 832-917-4950 FAX: 832-917-4951 EMAIL: ar@avedaenergy.com | Trade | | | | $349,787.83 |

Debtor      Unit Corporation, *et al.*_____      Case number (if known) _____
                    Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  J-W POWER COMPANY<br>KATE HOWELL<br>4607 E JUAN LINN<br>VICTORIA, TX 77901 | J-W POWER COMPANY<br>KATE HOWELL<br>PHONE: 800-475-1982<br>FAX: 361-576-3922<br>EMAIL: KHowell@jwenergy.com | Trade | | | | $347,943.01 |
| 7  HORN EQUIPMENT COMPANY<br>KELLY JONES<br>131 N SUNNYLAND RD<br>MOORE, OK 73160 | HORN EQUIPMENT COMPANY<br>KELLY JONES<br>PHONE: 405-793-9101<br>FAX: 405-799-8735<br>EMAIL: kellyjones@hornequipment.com | Trade | | | | $228,019.15 |
| 8  ROCKWATER ENERGY SOLUTIONS LLC<br>RACHEL CHISUM<br>5102 RTE 66<br>EL RENO, OK 73036 | ROCKWATER ENERGY SOLUTIONS LLC<br>RACHEL CHISUM<br>PHONE: 580-470-9819<br>FAX:<br>EMAIL:<br>FCarmona@selectenergyservices.com | Trade | | | | $219,038.18 |
| 9  CANRIG DRILLING TECHNOLOGY LTD<br>CINDY MASON<br>14703 FM 1488<br>MAGNOLIA, TX 77354 | CANRIG DRILLING TECHNOLOGY LTD<br>CINDY MASON<br>PHONE: 281-874-0035<br>FAX:<br>EMAIL: cindy.mason@canrig.com | Trade | | | | $218,443.36 |
| 10  CHEMTECH TECHNOLOGIES LLC<br>MONICA JUDICE<br>400 SONNIER RD<br>CARENCRO, LA 70520 | CHEMTECH TECHNOLOGIES LLC<br>MONICA JUDICE<br>PHONE: 337-565-4205<br>FAX:<br>EMAIL: sales@cttllc.com | Trade | | | | $212,380.59 |
| 11  USA COMPRESSION PARTNERS LLC<br>BRAD CRADALL<br>111 CONGRESS AVE<br>SUITE 2400<br>AUSTIN, TX 78701 | USA COMPRESSION PARTNERS LLC<br>BRAD CRADALL<br>PHONE: 512-473-2662<br>FAX: 512-320-0706<br>EMAIL: AR@USACompression.com or<br>BCrandall@usacompression.com | Trade | | | | $186,660.07 |
| 12  EXCEL PRODUCTS<br>NIKOLE LANGSTON<br>13 FLAG ACRES ST<br>WOODWOOD, OK 73801 | EXCEL PRODUCTS<br>NIKOLE LANGSTON<br>PHONE: 580-216-0784<br>FAX: 580-254-3378<br>EMAIL: accounts@excelproductsusa.net | Trade | | | | $185,208.85 |
| 13  ARCHROCK PARTNERS LP<br>KIM GREEN<br>9807 KATY FREEWAY<br>SUITE 100<br>HOUSTON, TX 77024 | ARCHROCK PARTNERS LP<br>KIM GREEN<br>PHONE: 281-836-8000<br>FAX:<br>EMAIL: Kim.Greene@Archrock.com | Trade | | | | $182,405.79 |
| 14  PIONEER WELL SERVICES<br>LISA CARDENAS<br>1250 NE LOOP 410<br>SUITE 1000<br>SAN ANTONIO, TX 78209 | PIONEER WELL SERVICES<br>LISA CARDENAS<br>PHONE: 210-828-7689<br>FAX: 903-538-2251<br>EMAIL: lcardenas@pioneeres.com | Trade | | | | $175,979.16 |
| 15  COMPLETE ENERGY SERVICES INC<br>JACKIE LONG<br>4727 GAILLARDIA PARKWAY<br>SUITE 250<br>OKLAHOMA CITY, OK 73142 | COMPLETE ENERGY SERVICES INC<br>JACKIE LONG<br>PHONE: 405-748-2200<br>FAX:<br>EMAIL:<br>jackie.long@completeenergy.com | Trade | | | | $175,906.03 |

Debtor    Unit Corporation, *et al.*_____    Case number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | S & J WELL SERVICE INC<br>DENISE DAVIS<br>901 NORTHWESTERN STREET<br>PERRYTON, TX 79070 | S & J WELL SERVICE INC<br>DENISE DAVIS<br>PHONE: 806-435-0379<br>FAX: 806-435-3120<br>EMAIL: ddavis@cowanhooten.com | Trade | | | | $171,396.24 |
| 17 | STREAMLINE WELL TESTING RENTAL<br>AMANDA PETERS<br>13604 HWY 69<br>KOUNTZE, TX 77663 | STREAMLINE WELL TESTING RENTAL<br>AMANDA PETERS<br>PHONE: 409-834-6096<br>FAX:<br>EMAIL: aastreamline@aol.com | Trade | | | | $170,850.63 |
| 18 | PREMIER PIPE LLC<br>KURT LAURIER<br>15600 JFK BLVD<br>SUITE 200<br>HOUSTON, TX 77032 | PREMIER PIPE LLC<br>KURT LAURIER<br>PHONE: 832-300-8100<br>FAX:<br>EMAIL: klaurier@prempipe.com | Trade | | | | $169,076.38 |
| 19 | MORGAN WELL SERVICE INC<br>DOTTIE MORGAN<br>907 W 1ST STREET<br>PRAGUE, OK 74864 | MORGAN WELL SERVICE INC<br>DOTTIE MORGAN<br>PHONE: 405-567-2288<br>FAX:<br>EMAIL:<br>dotmorgan@morganwellservice.com | Trade | | | | $161,682.83 |
| 20 | FRONTIER TUBULAR SOLUTIONS<br>H. POOLE<br>1300 SOUTH MERIDIAN<br>STE 501<br>OKLAHOMA CITY, OK 73108 | FRONTIER TUBULAR SOLUTIONS<br>H. POOLE<br>PHONE: 405-330-5900<br>FAX: 405-330-5959<br>EMAIL: hpoole@frontiertubular.com | Trade | | | | $152,277.90 |
| 21 | TOOLPUSHERS SUPPLY CO<br>SINDY VALLE<br>13231 CHAMPIAN FOREST DR<br>SUITE 310<br>HOUSTON, TX 77069 | TOOLPUSHERS SUPPLY CO<br>SINDY VALLE<br>PHONE: 307-266-0324<br>FAX: 307-224-5224<br>EMAIL: sindy.valle@truecos.com | Trade | | | | $150,813.28 |
| 22 | DH DOZER LLC<br>LISA COX<br>2285 COUNTY STREET 2880<br>CHICKASHA, OK 73018-8090 | DH DOZER LLC<br>LISA COX<br>PHONE: 405-550-9374<br>FAX: 405-354-5211<br>EMAIL: dhdozersllc@gmail.com | Trade | | | | $147,283.65 |
| 23 | L & O PUMP & SUPPLY INC<br>TAMBRA GIFFORD<br>6813 CAMILLE AVE<br>OKLAHOMA CITY, OK 73149 | L & O PUMP & SUPPLY INC<br>TAMBRA GIFFORD<br>PHONE: 405-616-3737<br>FAX: 405-616-1950<br>EMAIL: tgifford@lopump.com | Trade | | | | $144,755.38 |
| 24 | IHS GLOBAL INC<br>JOHN CARPINELLA<br>15 INVERNESS WAY EAST<br>ENGLEWOOD, CO 80112-5710 | IHS GLOBAL INC<br>JOHN CARPINELLA<br>PHONE: 212-931-4900<br>FAX:<br>EMAIL: John.carpinelli@ihsmarkit.com | Trade | | | | $140,100.64 |
| 25 | 4KBC TRUCKING LLC<br>JAMES CHANDLER<br>204 N MAIN ST<br>LIBERTY, TX 77575-3804 | 4KBC TRUCKING LLC<br>JAMES CHANDLER<br>PHONE: 936-336-4026<br>FAX: 936-253-7056<br>EMAIL: 4kbctrucking@gmail.com | Trade | | | | $139,158.96 |

Debtor   Unit Corporation, *et al.*_____   Case number (if known) _____
   Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 HALLIBURTON ENERGY SERVICE<br>MARC PACE<br>3000 N SAM HOUSTON PKWY E.<br>HOUSTON, TX 77032 | HALLIBURTON ENERGY SERVICE<br>MARC PACE<br>PHONE: 1-281-871-4000<br>FAX: 281-876-4455<br>EMAIL: mark.pace@halliburton.com | Trade | | | | $127,071.97 |
| 27 OIL STATES ENERGY SERVICES LLC<br>MICKIE MAY<br>101 HWY 31 WEST<br>KILGORE, TX 75062 | OIL STATES ENERGY SERVICES LLC<br>MICKIE MAY<br>PHONE: 903-984-8341<br>FAX:<br>EMAIL: MICKIE.MAY@OILSTATES.COM | Trade | | | | $118,653.02 |
| 28 SIGNA ENGINEERING CORP<br>N HARRIS<br>16945 NORTHCHASE DR SUITE 2200<br>HOUSTON, TX 77060 | SIGNA ENGINEERING CORP<br>N HARRIS<br>PHONE: 281-774-1000<br>FAX: 281-774-1098<br>EMAIL: nharris@signa.net | Trade | | | | $112,184.33 |
| 29 NATURAL GAS COMPRESSION<br>Y UNCKER<br>2480 AERO PARK DR<br>TRAVERSE CITY, MI 49686 | NATURAL GAS COMPRESSION<br>Y UNCKER<br>PHONE: 231-941-0107<br>FAX: 231-941-0177<br>EMAIL: Yuncker@ngcsi.com | Trade | | | | $103,153.33 |
| 30 QES PRESSURE CONTROL LLC<br>SHAMESHA LAWRENCE<br>1415 LOUISIANA<br>SUITE 2900<br>HOUSTON, TX 77002 | QES PRESSURE CONTROL LLC<br>SHAMESHA LAWRENCE<br>PHONE: 832-518-4094<br>FAX: 405-702-6457<br>EMAIL: shamesha.lawrence@qesinc.com | Trade | | | | $100,389.92 |
| 31 CANYON OIL FIELD SERVICES<br>WANDA MCCLELLAN<br>11552 S HWY 6<br>ELK CITY, OK 73644 | CANYON OIL FIELD SERVICES<br>WANDA MCCLELLAN<br>PHONE: 580-225-7100<br>FAX: 580-225-7107<br>EMAIL: wanda@canyonoilfield.com | Trade | | | | $99,815.74 |
| 32 ZDSCADA LP<br>BRIAN FOWLER<br>1918 SYBIL LANE<br>TYLER, TX 75703 | ZDSCADA LP<br>BRIAN FOWLER<br>PHONE: 903-526-1100<br>FAX:<br>EMAIL: invoices@zdscada.com | Trade | | | | $99,594.67 |
| 33 PASON SYSTEMS USA CORP<br>LAURA BALDWIN<br>7701 WEST LITTLE YORK, SUITE 8020<br>HOUSTON, TX 77040 | PASON SYSTEMS USA CORP<br>LAURA BALDWIN<br>PHONE: 403-301-3400<br>FAX: 403-301-3499<br>EMAIL: laurie.baldwin@pason.com | Trade | | | | $97,282.87 |
| 34 FRONTIER WELL SERVICE INC<br>PATRICK SMITH<br>1025 E. VANDAMENT AVE<br>YUKON, OK 73099 | FRONTIER WELL SERVICE INC<br>PATRICK SMITH<br>PHONE: 405-373-3388<br>FAX:<br>EMAIL: frontierwellservice@gmail.com | Trade | | | | $93,425.05 |
| 35 JOURNEY OILFIELD EQUIPMENT LLC<br>C WEBER<br>8976 HIGHWAY 15<br>8976 HIGHWAY 15<br>WOODWARD, OK 73801 | JOURNEY OILFIELD EQUIPMENT LLC<br>C WEBER<br>PHONE: 580-256-8822<br>FAX:<br>EMAIL: cweber@jouneyoilfield.net | Trade | | | | $92,232.46 |

Debtor     Unit Corporation, *et al.*_____     Case number (if known) _____
                    Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 36 PREMIUM OILFIELD TECHNOLOGIES ERICA THOMPSON 5727 BRITTMOORE RD HOUSTON, TX 77041 | PREMIUM OILFIELD TECHNOLOGIES ERICA THOMPSON PHONE: 281-679-6500 FAX: 281-670-5229 EMAIL: sales@premiumoilfield.com | Trade | | | | $88,499.67 |
| 37 BRADY'S WELDING & MACHINE SHOP CINDY MORGAN 11991 HWY 76 HEALDTON, OK 73438 | BRADY'S WELDING & MACHINE SHOP CINDY MORGAN PHONE: 580-229-1168 FAX: 580-229-1177 EMAIL: cindy@bradywelding.com | Trade | | | | $87,893.33 |
| 38 KINDER MORGAN TREATING LP JAMI LAMBRECHT 1001 LOUISIANA ST. SUITE 1000 HOUSTON, TX 77002 | KINDER MORGAN TREATING LP JAMI LAMBRECHT PHONE: 713-369-9000 FAX: EMAIL: Jami_Lambrecht@kindermorgan.com | Trade | | | | $84,915.34 |
| 39 TRI-COUNTY ELECTRIC INC REPRESENTATIVE 995 MILE 46 ROAD HOOKER, TX 73945 | TRI-COUNTY ELECTRIC INC REPRESENTATIVE PHONE: 580-652-2418 FAX: 580-652-3151 EMAIL: info@tcec.coop | Trade | | | | $83,181.87 |
| 40 DNOW LP BETTY BAXTER 2203 SECOND AVE WEST WILLISTON, ND 58801 | DNOW LP BETTY BAXTER PHONE: 701-572-3781 FAX: EMAIL: betty.baxter@dnow.com | Trade | | | | $81,167.63 |
| 41 PUREFLOW TECHNOLOGIES INC DEBBIE DURHAM 105 S INDUSTRIAL PARK DR BAY CITY, TX 77404-0088 | PUREFLOW TECHNOLOGIES INC DEBBIE DURHAM PHONE: 979-245-1700 FAX: 979-245-3343 EMAIL: debbie@pureflow-technologies.com | Trade | | | | $80,457.13 |
| 42 ORR ENTERPRISES INC DIANA ORR 175699 OLD HWY 7 DUNCAN, OK 73533 | ORR ENTERPRISES INC DIANA ORR PHONE: 580-251-9618 FAX: 580-255-3943 EMAIL: diorr@cableone.net | Trade | | | | $79,851.83 |
| 43 STREAMLINE PRODUCTION SERVICES INC AMANDA PETERS 13604 HWY 69 VILLAGE MILLS, TX 77663 | STREAMLINE PRODUCTION SERVICES INC AMANDA PETERS PHONE: 409-834-6096 FAX: 409-834-6098 EMAIL: aastreamline@aol.com | Trade | | | | $79,207.63 |
| 44 SUNBELT RENTALS IND SRVCS LLC TIONA THOMPSON 203 HIGHWAY 90 W DEVERS, TX 77538-7142 | SUNBELT RENTALS IND SRVCS LLC TIONA THOMPSON PHONE: 936-549-7800 FAX: EMAIL: Tiona.thompson@sunbeltrentals.com | Trade | | | | $77,417.99 |
| 45 DRILLING FLUIDS TECHNOLOGY INC J. RAGAN 11903 E0790RD KINGFISHER, OK 73750 | DRILLING FLUIDS TECHNOLOGY INC J. RAGAN PHONE: 405-375-6282 FAX: EMAIL: jragan@dftonline.com | Trade | | | | $76,399.32 |

Debtor    Unit Corporation, *et al.*_____    Case number (if known) _____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 46 DEALERS ELECTRICAL SUPPLY BEVERLY LOVE 2320 S. COLUMBUS AVE. WACO, TX 76701 | DEALERS ELECTRICAL SUPPLY BEVERLY LOVE PHONE: 254-717-1673 FAX: 254-756-0133 EMAIL: blove@dealerselectrical.com | Trade | | | | $74,248.70 |
| 47 RUSCO OPERATING LLC JESSICA DOMINGUEZ 98 SAN JACINTO BLVD. SUITE 550 AUSTIN, TX 78701 | RUSCO OPERATING LLC JESSICA DOMINGUEZ PHONE: 713-553-6695 FAX: EMAIL: jessica@rigup.com | Trade | | | | $72,778.83 |
| 48 EAGLE AUTOMATION R SANDOVAL 1600 STOUT ST SUITE 450 DENVER, CO 80202 | EAGLE AUTOMATION R SANDOVAL PHONE: 720-414-9925 FAX: EMAIL: rsandoval@eagleautomation.com | Trade | | | | $71,797.35 |
| 49 WELL MASTER CORPORATION KRYSTYNA CISENEROS 16201 TABLE MOUNTAIN PARKWAY SUITE 100 GOLDEN, CO 80403 | WELL MASTER CORPORATION KRYSTYNA CISENEROS PHONE: 303-980-0254 FAX: 303-980-0355 EMAIL: Krystyna.Cisneros@wellmaster.com | Trade | | | | $69,306.16 |
| 50 BEARCAT WELL SERVICE INC TONY JOHNSON 1020 EAST BRITTON ROAD OKLAHOMA CITY, OK 73131 | BEARCAT WELL SERVICE INC TONY JOHNSON PHONE: 620-655-2635 FAX: 580-778-3903 EMAIL: tjohnson@bearcatland.com | Trade | | | | $68,702.67 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 20-[____]** |
| | § | |
| **UNIT CORPORATION,** | § | **(Chapter 11)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtor.** | § | |

## LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all known holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Name and Last Known Address or Place of Business Holder | Kind/Class of Ownership Interest | Percentage of Ownership Interest Held[2] |
|---|---|---|
| Cede & Co.<br><br>55 Water Street<br>New York, NY 10041 | Common Stock | 95.27% |
| Black Rock, Inc.<br><br>55 East 52nd Street<br>New York, NY 10055 | Common Stock | 14.28% |
| FMR LLC<br><br>245 Summer Street<br>Boston, MA 02210 | Common Stock | 11.71% |
| The Vanguard Group<br><br>100 Vanguard Blvd.<br>Malvern, PA 19355 | Common Stock | 10.32% |
| Dimensional Fund Advisors LP<br><br>6300 Bee Cave Road, Building One<br>Austin, TX 78746 | Common Stock | 8.15% |
| Victory Capital Management Inc.<br><br>4900 Tiedeman Rd. 4th Floor<br>Brooklyn, OH 44144 | Common Stock | 5.85% |

---

[1]   This list reflects holders of five percent or more of the Debtor's common stock based on the Debtor's form 10-K filed on March 16, 2020. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Emergency Motion (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors; (B) File a Consolidated List of 50 Largest Unsecured Creditors; and (C) Redact Certain Personal Identification Information; (II) Modifying the Requirement to File a List of Equity Security Holders; (III) Approving the Form and Manner of the Notice of Commencement and (IV) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

[2]   Cede & Co. is the nominee for 95.27% of the ownership interests of the Debtor. Figures listed include ownership interests held by Cede & Co. for the benefit of the referenced holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 20-[____]** |
| | § | |
| **UNIT CORPORATION,** | § | **(Chapter 11)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtor.** | § | |

## CORPORATE OWNERSHIP STATEMENT (RULES 1007(a)(1) AND 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following are corporations, other than the debtor or a governmental unit, that directly or indirectly own 10% or more of any class of the corporations' equity interests:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held[1] |
|---|---|---|
| Cede & Co. | 55 Water Street New York, NY 10041 | 95.27% |
| Black Rock, Inc. | 55 East 52nd Street New York, NY 10055 | 14.28% |
| FMR LLC | 245 Summer Street Boston, MA 02210 | 11.71% |
| The Vanguard Group | 100 Vanguard Blvd. Malvern, PA 19355 | 10.32% |

---

[1]   Cede & Co. is the nominee for 95.27% of the ownership interests of the Debtor.  Figures listed include ownership interests held by Cede & Co. for the benefit of the referenced holders.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Unit Corporation_____

United States Bankruptcy Court for the: ___Southern_____ District of ___Texas_____
                                                                              (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration ___List of Equity Holders and Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___05/22/2020___          ✖ *s/ Mark E. Schell*
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                          Mark E. Schell
                                          Printed name

                                          Senior Vice President, Secretary, and General Counsel
                                          Position or relationship to debtor

---

Secretary's Certificate

The undersigned, being the Corporate Secretary of Unit Corporation and each of its wholly owned subsidiaries (collectively, the "Companies"), does hereby certify, on behalf of the Companies and not in an individual capacity, as follows:

1. I am the duly qualified and appointed Corporate Secretary of each of the Companies and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each of the Companies.

2. Attached hereto as Annex A are true, correct, and complete copies of resolutions duly adopted by the board of directors of Unit Corporation on May 19, 2020.

3. The above referenced resolutions have not been modified or rescinded, and are in full force and effect as of the date hereof.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered on behalf of the Companies as of the date first written above.

Unit Corporation

By: _____

Name: Mark E. Schell

Title: Senior Vice President, Corporate Secretary, and General Counsel

## <u>ANNEX A</u>

**CHAPTER 11 RESOLUTIONS OF THE BOARDS OF DIRECTORS OF UNIT CORPORATION**

**RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
UNIT CORPORATION**

**WHEREAS**, the Board of Directors (the "***Board***") of Unit Corporation, a Delaware corporation (the "***Company***"), has studied and considered the financial condition of the Company and its subsidiaries (the "***Company Group***"), including the Company Group's liabilities, contractual obligations and liquidity, the short-term and long-term prospects available to the Company Group, the strategic alternatives available to the Company Group and the related circumstances and situation, including the current and reasonably foreseeable future conditions in the oil and natural gas industry;

**WHEREAS**, the Board has consulted with the Company's financial and legal advisors and considered a variety of strategic alternatives available to the Company Group;

**WHEREAS**, the Board has unanimously determined that it is advisable and in the best interests of the Company to (i) pursue a pre-negotiated plan of reorganization of the Company (the "***Plan***") pursuant to Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") in accordance with a Restructuring Support Agreement among (a) the Company, (b) the direct and indirect subsidiaries of the Company that are party thereto (the "***Filing Subsidiaries***" and, together with the Company, the "***Debtors***"), (c) the lenders under the Company's Senior Credit Agreement, dated as of September 13, 2011, among the Company, the subsidiaries of the Company party thereto, the lenders party thereto and BOKF, NA d/b/a Bank of Oklahoma, as administrative agent, that are parties to the RSA (such credit agreement, the "***RBL Credit Agreement***," such lenders under the RBL Credit Agreement, the "***RBL Lenders***" and the RBL Lenders party to the RSA, the "***Consenting RBL Lenders***") and (d) the holders of the Company's 6.625% senior subordinated notes due 2021 that are parties to the RSA (such agreement, together with the Restructuring Term Sheet attached thereto, the "***RSA***") and (ii) file or cause to be filed a voluntary petition for relief (the "***Chapter 11 Petition***") pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, or another appropriate court (the "***U.S. Bankruptcy Court***"), and any and all documents necessary or convenient to effect, cause or promote the reorganization of the Debtors under Chapter 11 of the Bankruptcy Code, pursuant to the Plan and in accordance with the RSA;

**WHEREAS**, the Board has reviewed the RSA, which contemplates, among other things, the consummation of a series of transactions (the "***Restructuring Transactions***") described therein to restructure the Debtors' liabilities and capital structure under the Bankruptcy Code;

**WHEREAS**, as contemplated by the RSA, (i) the Consenting RBL Lenders have agreed to provide post-petition financing to the Company under a debtor-in-possession credit agreement (the "***DIP Facility***"), on the terms and subject to the conditions set forth in a Super Priority Senior Secured Debtor-in-Possession Credit Agreement (the "***DIP Credit Agreement***"), by and among the Company, Unit Petroleum Company and Unit Drilling Company, as borrowers, the Consenting RBL Lenders, as lenders, and the other lenders from time to time party thereto (the Consenting RBL Lenders and any other lenders from time to time party thereto, collectively, the "***DIP Lenders***"), and (ii) following the consummation of the Restructuring Transactions, all of the claims under the DIP Facility will be converted on a dollar-for-dollar basis into borrowings under a new

exit credit facility with the reorganized Company, reorganized Unit Drilling Company, and reorganized Unit Petroleum Company;

**WHEREAS**, the Debtors will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for the claims held by the RBL Lenders;

**WHEREAS**, the board of directors or managers, as applicable, of each of the Filing Subsidiaries intend to authorize, concurrently with the Company, the filing with the U.S. Bankruptcy Court of voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code; and

**WHEREAS**, after review of (i) the financial condition of the Company Group, the current and reasonably foreseeable future conditions in the oil and natural gas industry, the outlook for the Company Group's business and the other alternatives available to the Company Group, (ii) the terms of the RSA and related documentation, (iii) the availability of the DIP Facility and consensual use of the Cash Collateral and (iv) such other considerations as the Board deems relevant, the Board, following consultation with the financial and legal advisors to the Company, has determined that it is advisable and in the best interests of the Company to enter into the RSA and pursue the restructuring of the Debtors under the Bankruptcy Code as contemplated therein and as approved in these resolutions.

### *Restructuring Support Agreement*

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby authorizes and approves, in all respects, the Company's entry into the RSA, together with any other agreements or documentation relating thereto (collectively, the "***Restructuring Support Documents***"), and the performance of its obligations thereunder;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each of the Company's President and Chief Executive Officer; Senior Vice President, General Counsel and Corporate Secretary; Senior Vice President and Chief Financial Officer; and any Vice President of the Company (collectively, the "***Authorized Officers***") to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, and deliver the Restructuring Support Documents, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause the Company to perform its obligations under the Restructuring Support Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Restructuring Transactions or the Chapter 11 case pursuant to the Bankruptcy Code (the "***Chapter 11 Case***"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

### *Chapter 11 Filing*

**FURTHER RESOLVED**, that the Board hereby determines that it is advisable and in the best interests of the Company to file the Chapter 11 Petition pursuant to Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the Board hereby authorizes the Company to file or cause to be filed the Chapter 11 Petition pursuant to Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED,** that Board hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of the Company, the Chapter 11 Petition, in such form as prescribed by the official forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 Case and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Case, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to execute, deliver and file or cause to be filed with the U.S. Bankruptcy Court all papers and pleadings that such Authorized Officer believes to be necessary or advisable to effect, cause or further the reorganization of the Company under Chapter 11 of the Bankruptcy Code and any and all other documents necessary to effectuate the Plan related thereto, together with any amendments or modifications thereto, or any restatements thereof, in each case, as any Authorized Officer may approve;

**FURTHER RESOLVED**, that the Board hereby authorizes each of the Filing Subsidiaries to file or cause to be filed with the U.S. Bankruptcy Court, a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, consistent with these resolutions, and such subsidiaries of the Company and the board of directors or managers, as applicable, of such subsidiaries are authorized and empowered to take such actions as are necessary to accomplish the same consistent with these resolutions;

### *Debtor-in-Possession Financing, Cash Collateral and Adequate Protection*

**FURTHER RESOLVED**, that the Board hereby determines that the Company will obtain benefits from the loans and other financial accommodations under the DIP Credit Agreement and the consummation of the Financing Transactions under the DIP Credit Agreement and the other DIP Loan Documents, as defined below, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company;

**FURTHER RESOLVED**, that the Board hereby authorizes and approves, in all respects, the Company's entry into the DIP Credit Agreement, together with any other agreements or

documentation relating thereto (collectively, the "***DIP Loan Documents***"), and the performance of its obligations thereunder;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file and deliver the DIP Loan Documents, with such changes, additions and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause the Company to perform its obligations under the DIP Loan Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Restructuring Transactions or the Chapter 11 Case, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Board hereby authorizes the Company to: (i) undertake any and all transactions contemplated by the DIP Loan Documents, on substantially the terms and subject to the conditions set forth in the DIP Loan Documents or as may hereafter be fixed or authorized by the Board or any Authorized Officer; (ii) borrow funds from, provide guaranties to, pledge its assets as collateral to and undertake any and all related transactions contemplated thereby (collectively, the "***Financing Transactions***" and each such transaction a "***Financing Transaction***") with the DIP Lenders and on such terms as may be approved by any Authorized Officer, as reasonably necessary or appropriate for the continuing conduct of the affairs of the Company; (iii) execute and deliver and cause the Company to incur and perform its obligations under the DIP Loan Documents and Financing Transactions; (iv) finalize the DIP Loan Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to and reviewed by the Board; and (v) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any Authorized Officer in connection with such Financing Transactions;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Loan Documents, any hedging agreements, any secured cash management agreements, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreements, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreements and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively

evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to authorize the DIP Lenders to file any UCC financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of the Company that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lenders may reasonably request to perfect the security interests granted under the DIP Loan Documents;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP financing documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Board hereby authorizes the Company to provide certain adequate protection to the Consenting RBL Lenders (the "***Adequate Protection Obligations***"), as documented in a proposed interim order (any such order, the "***Interim DIP Order***") and a proposed final order (any such order, the "***Final DIP Order***," and together with the Interim DIP Order, the "***DIP Orders***") described to the Board and submitted for approval to the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that  the Board hereby approves the form, terms, and provisions of the DIP Orders to which the Company is or will be subject, and the actions and transactions contemplated thereby and authorizes and empowers each Authorized Officer to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Loan Documents (together with the DIP Orders, collectively, the "***DIP Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Board, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Board hereby authorizes the Company, as a debtor and debtor-in-possession under the Bankruptcy Code, to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Consenting RBL Lenders; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgment be necessary, appropriate, or advisable to perform any of the Company's obligations under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these resolutions;

### *Retention of Professionals*

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Vinson & Elkins L.L.P. ("***V&E***") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage V&E for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Evercore Group L.L.C. ("***Evercore***") as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Evercore for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Evercore;

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Opportune LLP ("***Opportune***") as operational advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is

hereby authorized and empowered to take such actions as may be required to so engage Opportune for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Opportune;

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Grant Thornton LLP ("*Grant Thornton*") as accountants and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Grant Thornton for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Grant Thornton;

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Prime Clerk, LLC ("*Prime Clerk*") as notice, claims and solicitation agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, is hereby approved, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Prime Clerk for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

### *General*

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer, on behalf of the Company, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, employee or representative of the Company in its name or for its account in connection with any of the above matters are hereby in all respects ratified, confirmed and approved.

[*The remainder of this page is intentionally blank.*]